[Civ. No. 52517. Second Dist., Div. One. Jan. 31, 1978.]

THE PEOPLE, Petitioner, v.
THE MUNICIPAL COURT FOR THE SANTA MONICA JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Respondent;
RONALD BYARS et al., Real Parties in Interest.

**COUNSEL**

Richard L. Knickerbocker, City Attorney, and James W. Webster, Deputy City Attorney, for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow, Andrew D. Amerson and Bryan D. Anderson, Deputy Attorneys General, as Amici Curiae on behalf of Petitioner.

No appearance for Respondent.

Lawrence Taylor for Real Parties in Interest.

OPINION

THOMPSON, J.—In *People* v. *Superior Court (Greer)* (1977) 19 Cal.3d 255, 258 [137 Cal.Rptr. 476, 561 P.2d 1164], our Supreme Court held that "trial courts have the authority to recuse prosecuting attorneys in appropriate circumstances." ▪▪ Here we must determine whether the circumstances are appropriate to justify trial court action barring participation by a prosecuting attorney where: (1) a city attorney is charged by law with the obligation both of prosecuting misdemeanors within the city and of defending civil actions against the city and its agents; (2) a claim is pending against the city and its agents asserting liability to the defendants in the criminal prosecution arising out of the same incident which is the basis of the prosecution; (3) there is no evidence of personal, as opposed to purely professional and official, involvement of anyone in the prosecutor's office in the civil litigation; and (4) there is no evidence supporting an inference that the prosecutor is improperly utilizing the criminal proceeding as a vehicle to aid his function of defending claims against his employer.

We conclude that in that set of circumstances there is neither such conflict of interest nor appearance of impropriety as justifies action barring the city attorney from carrying out his prosecutorial function. We, therefore, order that a writ of mandate issue directing the trial court to vacate its order barring the city attorney from acting as prosecutor in a criminal proceeding pending against real parties in interest.

*Facts*

Real parties in interest, Ronald and Michael Byars, were arrested by the Santa Monica police. On August 30, 1977, the Santa Monica City Attorney filed a misdemeanor complaint against them alleging that real

parties in interest had committed battery and had resisted a public officer. On September 15, 1977, pursuant to Government Code section 900 et seq., Ronald and Michael Byars filed a claim for damages with the City of Santa Monica. The claim relates to the same altercation giving rise to the criminal complaint, and the arresting officers and the city are potential defendants in a lawsuit flowing from the incident. The claim asserts facts supporting causes of action for false arrest, battery, and invasion of privacy.

On September 20, 1977, Ronald and Michael Byars filed a motion in the criminal proceeding seeking to bar the Santa Monica City Attorney from acting as prosecutor, and seeking also a dismissal of the proceeding. The trial court granted the motion to bar the city attorney from performing his prosecutorial function in the pending criminal proceeding. We recite the evidence adduced at hearing on the motion in the light most favorable to the ruling of the trial court.

The City of Santa Monica is self-insured to the extent of the first $250,000 of damages payable by reason of a police officer's conduct within the scope of his employment. The city may be liable for actual damages resulting from such conduct but not for punitive damages. The Santa Monica City Attorney will defend both the city and its officers in any lawsuit brought upon the Byars' claim.

The city attorney is appointed by and serves at the pleasure of the Santa Monica City Council. The Santa Monica City Charter obligates the city attorney to prosecute misdemeanors and to appear for the city and its officers and employees in any civil proceeding to which they are a party.

At the hearing on the motion, the Byars' counsel disclaimed any reliance upon personal involvement of the city attorney or "individual prejudice." There is no evidence that prosecution of the criminal action is being utilized to aid the defense of the claim against the city and its agents.

The trial judge stated that, based upon his own prior experiences as a city councilman and as a city attorney, he was aware that "a [c]ity [a]ttorney is cognizant of civil liability for which he is responsible, and that he is very aware that his tenure is dependent upon his successful handling of those cases." The court found that: "[w]here the [c]ity [a]ttorney has the responsibility of protecting the [c]ity against pecuniary

loss by way of civil prosecutions [*sic*], and he also has the duty to prosecute the individuals involved, . . . his discretion might be affected thereby as far as plea bargaining, et cetera [*sic*]." It found further that "if there is not actual conflict of interest there certainly is the appearance of a conflict of interest."

The trial court "recused" the City Attorney of Santa Monica and, because the district attorney had noted a conflict of interest, issued an order to show cause to the Attorney General to secure the latter's appearance as the prosecuting agency.

Acting through the Santa Monica City Attorney, the prosecution petitioned this court for a writ of mandate seeking review of the trial court order. Concluding that review by way of petition for writ of mandate is appropriate (*People* v. *Superior Court (Greer), supra,* 19 Cal.3d 255), we issued our alternative writ.

### Discretion of Trial Court

The issue at bench reaches us on petition for writ of mandate. Thus, we can overturn the determination of the trial court only if that court acted in excess of its jurisdiction or there is no rational basis in the record supporting the manner in which the court exercised the power and discretion vested in it. (See *State Farm etc. Ins. Co.* v. *Superior Court* (1956) 47 Cal.2d 428, 432 [304 P.2d 13]; *City of San Jose* v. *Superior Court* (1974) 12 Cal.3d 447, 465 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223].)

Here the trial court possessed the power to bar the city attorney from prosecuting a particular case. (*People* v. *Superior Court (Greer), supra,* 19 Cal.3d at p. 261.) The issue thus is whether the record in the case at bench encompasses a rational basis for the trial court's action.

We conclude it does not.

The power to bar a duly authorized prosecutor or prosecuting agency from participation in a particular case exists only "in appropriate circumstances." (*People* v. *Superior Court (Greer), supra,* 19 Cal.3d at p. 258.) Those circumstances exist where factors extraneous to the prosecutor's official function impinge upon his obligation of prosecutorial impartiality, i.e., his interest " 'in a criminal prosecution . . . not that [he] shall win a case, but that justice shall be done.' " (*People* v. *Superior*

*Court (Greer), supra,* 19 Cal.3d at p. 266 quoting *Berger* v. *United States* (1935) 295 U.S. 78, 88 [79 L.Ed. 1314, 1321, 55 S.Ct. 346].) If such circumstances are present, or there is an undue appearance of their presence, then a trial court acts within its discretion if it bars the prosecutor from participation in the criminal proceeding. (*People* v. *Superior Court (Greer), supra,* 19 Cal.3d at pp. 266-267.)

 Here the record is barren of any factor extraneous to the Santa Monica City Attorney's official function which impinges upon his obligation of prosecutorial impartiality. It is similarly barren of any evidence supporting the inference or implication that the criminal prosecution is in fact being utilized to reduce the city's civil liability exposure.

The record discloses nothing more than the proposition that the city attorney represents his municipality both as prosecutor and civil defender. While Judge Minter, who heard the motion, recited that his previous experience led him to the conclusion that the prosecutor's desire for tenure in office through success in civil litigation might lead him to be biased in the criminal proceeding, there is no evidence to support the judge's conclusion. The conclusion is unsubstantiated by any permissible judicial notice. (Evid. Code, §§ 451, 452.)

Real parties in interest contend that a rational basis supporting the trial court action is found in the dual function of the Santa Monica City Attorney's office in both prosecuting misdemeanors and defending the city and its employees against claims asserted against them. They argue that because success in the criminal prosecution may have an effect in the defense of civil claims filed against the city and its employees arising out of the same set of circumstances, there is at least the appearance of a conflict of interest in permitting the city attorney to act as prosecutor.

The Byars' argument extends the principle of permissible disqualification of a prosecuting attorney well beyond its present reach. Counsel for the Byars has cited us to no case in which a prosecutor has properly been barred from exercising his function other than for reasons extraneous to his official duty. Our own research has disclosed no such case. (See e.g., *People* v. *Superior Court (Greer), supra,* 19 Cal.3d 255, and cases there cited; see also cases collected in Note, 31 A.L.R.3d 953.)

The principle which the real parties in interest seek to extend is not constitutionally based. Disqualification of a prosecutor for a

conflict of interest or appearance of impropriety alone is not a matter of due process but rather an exercise of the court's statutory (Code Civ. Proc., § 128; *People* v. *Superior Court (Greer), supra,* 19 Cal.3d at p. 261, fn. 4) and inherent power (*People* v. *Superior Court (Greer), supra,* 19 Cal.3d at pp. 264-265, 268) over the processes of trial. We must thus consider the propriety of the extension in light of the benefit that will result from it and its potential of harm.

The benefit of extending the principle of trial court discretion permitting disqualification of a prosecutor to the situation of the case at bench is both speculative and minimal.

The prosecutor as an advocate in the criminal proceeding has a normal advocate's interest in its result. The interest is one which he must subordinate to the demands of prosecutorial impartiality. It is speculative to assume that, because the prosecutor also has an advocate's interest in his official representation of his governmental entity in the civil aspects of the circumstances giving rise to the criminal prosecution, he will be substantially inhibited in recognizing the special demand for impartiality which his position as prosecutor imposes. The prosecutor who recognizes the requirements of impartiality imposed by the power of his office is no less likely to be aware of them because he also exercises a function in defending his governmental employer against civil suits. The prosecutor who takes advantage of his position to seek an advantage in related civil litigation is not likely to recognize the demand for impartiality in the first place.

Nor is there any likelihood that the prosecutor who also is charged with the duty of defense of a civil action will, because of his duty of defense, be less likely to comply with the constitutional mandate of disclosure of information favorable to the defense. (See *People* v. *Ruthford* (1975) 14 Cal.3d 399, 406 [121 Cal.Rptr. 261, 534 P.2d 1341].) "[T]he interest of the public entity as a party in the outcome of [litigation] may not be considered in determining whether disclosure of [official] information is [privileged because the necessity for confidentiality outweighs the need for disclosure in the interest of justice]." (Jefferson, Cal. Evidence Benchbook (Cont.Ed.Bar) § 42.2.)

While the benefit of extending the principle authorizing trial court disqualification of a prosecutor is speculative and minimal, the potential of harm from the extension is real and substantial.

A long history supports the existence of governmental legal positions charged both with prosecuting crimes and defending the governmental unit and its agents against civil suits. By way of example, those include: the United States Department of Justice and its subordinate offices of United States Attorneys, the California Attorney General, the district attorney in Alpine, Colusa, Inyo, Mendocino, Modoc, Mono, San Benito, San Luis Obispo, San Mateo, and Trinity Counties, and the City Attorneys of Bakersfield, Burbank, Inglewood, Los Angeles, San Diego, Santa Monica, and Torrance.

The mix of cases coming to this court indicates an expanding increase in civil actions based upon assertions of police misconduct in connection with arrests. Extension of the principle of prosecutor disqualification as sought by real parties in interest will cause substantial dislocation in the operation of the dual function government legal offices in those cases. The extension will require either that new government legal units be created or private counsel retained for the defense of the governmental units. In either instance, there is the potential for a substantially increased call upon an already severely strained tax base.

The dislocation and increased expense of government is not justified by the speculative and minimal benefit to be obtained. Judicial expansion of the basis for disqualification of a prosecutor to the circumstances of the case at bench is thus not justified.

*Conclusion*

We hence conclude that the trial court abused its discretion in "recusing" the Santa Monica City Attorney as prosecutor in the case at bench.

We order that a writ of mandate issue directing the respondent municipal court to vacate its order recusing the Santa Monica City Attorney and to enter a new order denying real parties in interest's motion to recuse the city attorney or dismiss the proceeding.

Wood, P. J., and Hanson, J., concurred.

The petition of the real parties in interest for a hearing by the Supreme Court was denied May 11, 1978. Bird, C.J., was of the opinion that the petition should be granted.