[Civ. No. 56810. Second Dist., Div. Two. Oct. 24, 1979.]

ROBERT WHITE et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
HAL H. FRAZIER et al., Real Parties in Interest.

COUNSEL

Lawrence C. Bragg for Petitioners.

No appearance for Respondent.

Roy A. Hoff for Real Parties in Interest.

OPINION

**ROTH, P. J.**—We granted an alternative writ in this proceeding requiring real parties in interest (RPIs) to show cause why an order made by

respondent court disqualifying Lawrence C. Bragg from acting as attorney for petitioner pursuant to RPIs' motion therefor should not be vacated.

Respondent court predicated its order on the ground that it appeared Mr. Bragg was an attorney who *ought* to be called as a witness in the trial of the underlying action before it in which RPIs are plaintiffs and petitioners are defendants.

In *Comden v. Superior Court* (1978) 20 Cal.3d 906 [145 Cal.Rptr. 9, 576 P.2d 971], it is stated at pages 913-914: "When it is impractical to determine with certainty whether an attorney ought to testify, the trial court ordinarily must make a determination notwithstanding the uncertainty, as delay in making a decision may well prejudice the client."

The complaint in the underlying action which germinated this proceeding was filed by RPIs on November 1, 1978. Its two causes of action are predicated upon an aborted partnership agreement between RPIs and the petitioners executed on September 9, 1977. It is undisputed that Mr. Bragg represented the adversary parties in the drafting of the executed partnership agreement.

On January 4, 1979, Mr. Bragg, as attorney for petitioners/defendants in the underlying action moved respondent court for summary judgment which was denied without prejudice.

Between September 1, 1977, and January 4, 1979, the procedural chronology is as follows.

In March 1978, apparently before any disagreement between the parties, Hal H. Frazier (RPI) met with Bragg in Bragg's office and following this advice signed a document involving the leasing of cattle rights to the real property involved in the partnership.

On November 30, 1978, 29 days after the filing of the complaint, Roy A. Hoff, attorney for RPIs, wrote to petitioners' counsel, Mr. Bragg, with respect to Bragg's request for time to file an answer on behalf of petitioners to the complaint theretofore filed by Hoff on behalf of RPIs and stated to Bragg: "... there is a *strong likelihood*...you will be called as a witness ... therefore, I [request]...you not under-

take the representation...your undertaking of this case *would more than likely result* in my filing a motion to disqualify you as counsel....This letter will further...serve as confirmation ...." (Italics added.) The confirmation referred to an extension of time to answer.

On December 12, 1978, Mr. Bragg on behalf of petitioners noticed a motion for summary judgment supported by points and authorities and his declaration in which he refers to his understanding of the intention of the parties with respect to a paragraph in the partnership agreement.

On December 29, 1978, RPIs filed opposition to said motion supported by points and authorities and declarations of Attorney Huff and RPI Frazier which specifically on facts and law contested the declarations filed by Bragg in support of his motion.

On January 4, 1979, the motion for summary judgment was denied without prejudice.

On February 2, 1979, Mr. Bragg on behalf of petitioners filed an answer to the complaint of RPIs and a cross-complaint stating four causes of action.

On April 2, 1979, Mr. Bragg served notice he desired to take the deposition of Hal F. Frazier on April 20, 1979.

On May 8, 1979, a demurrer was filed by RPIs on behalf of RPIs to the cross-complaint filed by petitioners.

On May 24, 1979, the demurrer was sustained as to the third cause of action of petitioners' cross-complaint without leave to amend. No reasons were stated.

On May 29, 1979, RPIs filed a notice of motion to disqualify Bragg supported by declarations of RPI Frazier and Huff and points and authorities.

On June 7, 1979, Mr. Bragg filed points and authorities in opposition to the motion discussing in detail applicable rules of disqualification concluding with the statement there would be no violation thereof or of any alleged confidential relationship between him and RPIs. On the same date, the motion to disqualify was granted.

In our opinion, RPIs' motion is clearly a tactical maneuver. Assuming RPIs' motion is solidly based, it is clear from the record it could and should have been made prior to or concurrently with the hearing on the motion for summary judgment of which notice was received on or about December 10, 1978, and heard on January 4, 1979. No such action was taken, nor did RPIs avail themselves of the opportunity to do so until more than six months after Mr. Bragg had served notice of a motion for summary judgment. Mr Bragg's connection with the adversary parties and the nature of what his testimony might be if he testified on behalf of the petitioners was revealed in his declaration filed on the motion for summary judgment. *Comden* points out "... delay in making a decision may well prejudice the client." (*Comden* v. *Superior Court, supra,* 20 Cal.3d 906, 914.) In such circumstances we think the comment made in *Comden* is peculiarly applicable: "It would be naive not to recognize the motion to disqualify opposing counsel is frequently a tactical device to delay litigation. (See *U.S.* ex rel. *Sheldon El. Co.* v. *Blackhawk Htng. & Plmb., supra,* 423 F.Supp. 486.)' [J]udicial scrutiny [is required] to prevent literalism from possibly overcoming substantial justice to the parties.'" (*Comden* v. *Superior Court, supra,* 20 Cal.3d 906, 915.)

Petitioners assert: no testimony of Mr. Bragg will violate a confidential relationship to any of the parties; he is familiar with the facts of the underlying action; his disassociation from it would work a hardship and require employment of new counsel they can ill afford; and finally, they argue RPIs' motion is a ploy to increase the financial burden of defense and "pressure" them into a settlement.

It is clear the *Comden* court bottoms the rule it enunciates with respect to the rights of a trial lawyer who may or ought to be a witness upon the real and continuing public interest in an untainted judicial system. In our view, however, it was not the intention of that court to permit an adversary litigant to corrode, prostitute and defeat the objective of the rule by what amounts to no more than trial tactics. Pragmatically, discouragement of any merely tactical procedure affirms and strengthens the rule announced.

We conclude that to attain the objective of the *Comden* rule, where other circumstances do not require a different result, a party who seeks to challenge the qualification of counsel to represent the adversary party must, as was done in *Comden,* proceed at the first reasonable

opportunity by proper motion to achieve that end and that failing to do so, it is an abuse of the trial court's discretion to thereafter entertain favorably a request for such relief.

Let a peremptory writ of mandate issue requiring respondent court to vacate its order of June 7, 1979, disqualifying counsel for petitioner, and enter a new and different order denying the motion to disqualify.

Compton, J., and Beach, J., concurred.