Filed 8/2/24  T.G. v. A.A. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| T.G.,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>A.A.,<br><br>Defendant and Appellant. | C098765<br><br>(Super. Ct. No. 22FL04199) |

This case involves a parentage action between appellant A.A. (mother) and respondent T.G. (father).  Mother retained her stepmother, M.A. (counsel), to represent her.  On its own motion, the trial court disqualified counsel after concluding that she was a witness to interactions between mother and father.  We conclude that the court gave insufficient weight to mother's informed consent and her choice of counsel.  We reverse and remand the matter for reconsideration.

BACKGROUND

Mother and father were in a relationship that began in 2014 and ended in April 2022.  They are the parents of two minor children.  Mother and father agreed to share parenting responsibilities, but the parenting schedule became a source of conflict between them.  Mother stated that father would harass her with phone calls and text messages; she eventually asked to confine their communications to email.

1

In September 2022, father filed a petition to determine the parental relationship of the two children. One month later, mother requested a domestic violence restraining order, asserting a pattern of abuse and harassment by father. Among other things, she stated that father had verbally abused her since 2014 and that his behavior escalated after she began dating someone in May 2022. Father yelled at her in front of the children and repeatedly threatened her boyfriend. Mother recounted multiple incidents when father threatened her, including one incident when father came home drunk in July 2022. In another, father surprised mother outside of their child's school, blocked her in with his car, and yelled at her. He picked up the children, even though it was not his scheduled day, and told mother she would have to meet him and sign over the pink slip to a car. When mother met him, he yelled at her before she left with the children. The trial court issued a temporary restraining order pending a hearing but ultimately denied the request for a domestic violence restraining order.

At the outset of the case, counsel informed the trial court that she is married to mother's father, a relationship that the court denoted on the record as "Maternal Grandmother to the Child." At a February 28, 2023, hearing, the court asked father about his relationship and interactions with counsel and whether he objected to counsel's representation of mother. Initially, father said he had "no issue" with it; but he later indicated that he was not comfortable negotiating with counsel and requested a continuance to retain representation. The court continued the proceedings. The court also said: "[B]ased on the statements made by [c]ounsel[,] it was not clear whether [c]ounsel was testifying as to incidents within her personal knowledge or providing her client's offer of proof." On its own motion, the court gave mother 45 days to find alternate counsel but allowed counsel to file a brief explaining why she should not be disqualified.

In a declaration responding to the trial court's request, counsel declared that she was the step-grandmother of the children and had "no legal rights or relationship with them." She had not represented any of the other parties in the litigation, had no personal

2

relationship with father, and had no personal knowledge of mother and father's relationship since 2015.

Counsel also filed a declaration from mother in which mother set forth her informed consent to counsel's representation. The declaration explained that mother, father, and their children had not been in contact with counsel for the eight years preceding the filing of this case. Mother further stated that anything counsel could testify about would be addressed by her father (counsel's husband). Mother declared that counsel was representing her free of charge and that mother would not be able to afford alternate representation.

In briefing, counsel maintained that she had made statements about her concerns about father's propensity for violence only to alert the court to security concerns. She did not intend to be a witness in the case. Father filed a brief asserting that counsel should be disqualified because she would "be likely . . . called as a witness."

After a hearing, the trial court issued a written order disqualifying counsel. The court explained that counsel and counsel's husband (mother's father) had hosted mother and father in their home for a few weeks eight years ago and that counsel had interacted with father in the past. The court also observed that counsel had told the court that counsel "had personal knowledge of [f]ather's propensity for violence and couldn't believe why the [c]ourt had not issued the restraining order that her client had requested because of his abuse towards [m]other, [and] other family members, including [c]ounsel." The court understood these statements to be personal testimony, rather than an offer of proof.

Citing *Lyle v. Superior Court* (1981) 122 Cal.App.3d 470 (*Lyle*), the trial court explained that, even where a client gives informed consent to representation by a lawyer who will also testify as a witness, courts maintain discretion to disqualify the lawyer to protect the trier of fact from being misled or the opposing party from being prejudiced. The court concluded that counsel's "dual role" in this case posed "the risk that the trier could be misled into accepting counsel's assertions during argument as evidence based on

3

her personal knowledge as a witness." The court reasoned that it "may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof," and such "confusion would undoubtedly affect the integrity of the judicial process" and prejudice father.

The trial court further concluded that "it seems almost certain that counsel's testimony [in this case] will be necessary, as she has already inserted herself as a witness in the proceedings and made statements to the court in that role." In addition, the court saw little risk that father was seeking a tactical advantage in urging counsel's disqualification because the disqualification motion was made by the court and the case was in its early stages. The court also reasoned that, "[a]lthough the parties have a strong interest in being represented by counsel of their own choice, the expense and effort involved in replacing counsel should be relatively low[,] again because the case is in its early stages." Based on these conclusions, the court disqualified mother's counsel.

Mother filed a timely notice of appeal. Mother later filed a petition for writ of supersedeas with a request to stay the court's order pending appeal. This court denied the petition, observing that an appeal "of an order disqualifying an attorney automatically stays enforcement of the order."

## DISCUSSION

Mother argues that the trial court erred when it disqualified counsel. We agree that reversal is required because the trial court failed to give adequate weight to mother's choice of counsel.

## I.

" 'A trial court's authority to disqualify an attorney derives from its inherent power, codified at Code of Civil Procedure section 128, subdivision (a)(5), to control the conduct of its ministerial officers and of all other persons connected with its proceedings in furtherance of justice. [Citation.] Disqualification may be ordered as a prophylactic measure against a prospective ethical violation likely to have a substantial continuing

4

effect on future proceedings.' " (*Lopez v. Lopez* (2022) 81 Cal.App.5th 412, 422 (*Lopez*).)

Rule 3.7 of the Rules of Professional Conduct provides that a "lawyer shall not act as an advocate in a trial in which the lawyer is likely to be a witness unless:  [¶]  (1) the lawyer's testimony relates to an uncontested issue or matter;  [¶]  (2) the lawyer's testimony relates to the nature and value of legal services rendered in the case; or [¶] (3) the lawyer has obtained informed written consent from the client."  Although the rule appears, on its face, to permit a lawyer to be both advocate and witness in cases where the client agrees to the dual role, the comment to the rule notes that, even with client consent, "courts retain discretion to take action, up to and including disqualification" of the lawyer "to protect the trier of fact from being misled or the opposing party from being prejudiced."  (*Id.*, com. [3], citing *Lyle*, *supra*, 122 Cal.App.3d 470.)

A court exercising its discretion under the rule must consider " ' " 'whether counsel's testimony is, in fact, genuinely needed' " ' "; the possibility that opposing counsel seeks disqualification " ' "for purely tactical reasons" ' "; and " ' "the combined effects of the strong interest parties have in representation by counsel of their choice, and in avoiding the duplicate expense and time-consuming effort involved in replacing counsel already familiar with the case." ' " (*Lopez*, *supra*, 81 Cal.App.5th at p. 424.)  In weighing these factors, a client's informed consent to the attorney's dual role is entitled to " 'great weight.' " (*Smith, Smith & Kring v. Superior Court* (1997) 60 Cal.App.4th 573, 580.)  If " 'a party is willing to accept less effective counsel because of the attorney's testifying, neither his opponent nor the trial court should be able to deny this choice to the party without a convincing demonstration of detriment to the opponent or injury to the integrity of the judicial process.' " (*Id.* at p. 579; see also *Lyle*, *supra*, 122 Cal.App.3d at p. 482 [trial court "should resolve the close case in favor of the client's right to representation by an attorney of his or her choice"].)

An order granting or denying a disqualification motion is reviewed for abuse of discretion.  (*Lopez*, *supra*, 81 Cal.App.5th at p. 422.)  A trial court must indicate on the record that it considered the appropriate factors.  (*Id.* at p. 424.)

## II.

We conclude that the trial court's disqualification order did not conform to these principles.  Most significantly, the court did not adequately consider mother's informed consent and her strong interest in representation by counsel of her choice.  The court recognized that mother had provided her informed consent, but we see no indication that the court gave that consent " 'great weight' " in the analysis.  (*Smith, Smith & Kring v. Superior Court*, *supra*, 60 Cal.App.4th at p. 580.)  The court also discounted mother's interest in retaining counsel of her choice, noting that "the expense and effort involved in replacing counsel should be relatively low . . . because the case is in its early stages."  Mother's desire to keep counsel as her attorney, however, did not relate to the time or effort required to find new counsel.  Rather, mother's declaration averred that counsel was representing her free of charge and mother would not be able to afford alternate representation.  The trial court does not appear to have taken this important fact into consideration.  (See *Lyle*, *supra*, 122 Cal.App.3d at p. 482 [vacating disqualification order where trial court failed to recognize the "substantial hardship" that would befall the client were pro bono counsel disqualified].)

The trial court's ruling also does not appear to have required a " 'convincing demonstration' " of harm to father's interests or the integrity of the proceedings.  The court regarded it as "almost certain that counsel's testimony will be necessary, as [counsel] has already inserted herself as a witness in the proceedings and made statements to the court in that role."  But counsel stated that she did not intend to call herself as a witness.  And although father asserted that counsel was "likely" to be called as a witness, the court's ruling did not address whether testimony from counsel would be " ' "genuinely needed" ' " and "unobtainable from other witnesses."  (*Smith, Smith & Kring v. Superior Court*, *supra*, 60 Cal.App.4th at p. 581.)  That omission is particularly

6

significant on the facts present here, where mother represented both that counsel had no contact with her, father, or their two children during the eight years preceding the start of this case and that mother's father could testify to any relevant facts known by counsel.

We appreciate the trial court's concern that it "could be misled into accepting counsel's assertions during argument as evidence based on her personal knowledge as a witness." But again, the record indicates that counsel's knowledge of the relevant facts was limited; and counsel represented that she did not intend to appear as a witness. And in any event, the trial court was required to weigh these concerns against mother's heightened interest in remaining represented by counsel before ordering the severe remedy of disqualification. Because the trial court failed to give proper weight to mother's interest, we reverse and remand for reconsideration.

DISPOSITION

The trial court's order granting the motion to disqualify counsel is reversed and the matter is remanded for the trial court to reconsider its decision consistent with the above opinion. Because respondent did not appear in this appeal, neither party shall recover costs. (Cal. Rules of Court, rule 8.278(a)(5); *In re Marriage of D.S. and A.S.* (2023) 87 Cal.App.5th 926, 938.)

/s/
FEINBERG, J.

We concur:

/s/
EARL, P. J.

/s/
ROBIE, J.