Jerry F. CONNELL, Gary F. Burns and Conelco, Inc., a corporation

v.

CLAIROL, INC., a corporation.

Civ. No. C75-570A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 30, 1977.

Thomas E. Davis, Burns, Shumaker & Davis, Gadsden, Ala., George M. Thomas, Jones, Thomas & Askew, Atlanta, Ga., for plaintiff.

John C. Staton, Jr., King & Spalding, Atlanta, Ga., John O. Tramontine, Fish & Neave, New York City, for defendant.

## ORDER

O'KELLEY, District Judge.

This patent infringement action is before the court on defendant's motion to disqualify Mr. George M. Thomas, a partner in the firm of Jones, Thomas & Askew, and Mr. Thomas E. Davis, a partner in the firm of Burns, Shumaker & Davis, as attorneys for plaintiffs herein.

Defendant's motion is predicated upon the prospective applicability of certain Disciplinary Rules of the Code of Professional Responsibility of the American Bar Association as a consequence of an apparent genuine need for trial testimony from Mr. Thomas and plaintiff Gary F. Burns, a law partner of Mr. Davis.[1] Specifically, Disciplinary Rules 5–102(A) and (B)[2] require that an attorney and his law firm withdraw from the conduct of the trial if an attorney learns that he *or* a lawyer in his firm ought to be called as a witness on behalf of his

---

1. If by merely announcing his intention to call opposing counsel as a witness an adversary could thereby orchestrate that counsel's disqualification under the Disciplinary Rules, such "a device" might often be employed as a purely tactical maneuver. Clearly, however, these Rules were not designed to be used as tools of litigation strategy. Therefore, whenever an adversary declares his intent to call opposing counsel as a witness, prior to ordering disqualification of counsel, the court should determine whether counsel's testimony is, in fact, genuinely needed. In the case *sub judice*, defendant, as movant for disqualification of plaintiffs'. counsel, has declared its intent to call Mr. Thomas as a witness to show alleged "inequitable conduct" by the plaintiffs at the time their patent application was filed in that there was a failure to disclose relevant prior art. Because it is undisputed that such a showing by defendant could establish a viable legal defense, rendering the patent in suit unenforceable, the court concludes that the record demonstrates that defendant has a legitimate need for the testimony of Mr. Thomas. The genuine need for the testimony of Mr. Burns is not suspect because he has stated that he is to be called as a witness for the plaintiffs.

2. DR 5–102(A): "If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial . . .."

DR 5–102(B): "If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client."

client; and if he *or* a lawyer in his firm may be called as a witness other than on behalf of his client, if it is apparent that such testimony *may be* prejudicial to his client. These rules appear to require the disqualification of both Mr. Thomas [3] and Mr. Davis [4] in the case *sub judice*. Plaintiffs contend, however, that disqualification of Mr. Thomas and Mr. Davis would work a "substantial hardship" on plaintiffs because of the distinctive value of Mr. Thomas and Mr. Davis as counsel to plaintiffs in this particular case and, therefore, that the Disciplinary Rules allow their continued representation of plaintiffs in these circumstances.[5]

 Even assuming that both Mr. Thomas and Mr. Davis could properly invoke the hardship exception,[6] and although disqualification of Mr. Thomas and Mr. Davis might impose some hardship on the plaintiffs, in the court's view their disqualification would not be damaging enough to work a "substantial hardship" on plaintiffs within the meaning of the Disciplinary Rules. This is quite clear in the case of Mr. Davis. A review of the record prior to the filing of the motion for disqualification reveals that the role of Mr. Davis in this action was rather limited.[7] Furthermore, plaintiffs have appointed Mr. Thomas as

their "lead attorney." [8] Although the dearth of competent patent counsel in the Atlanta area makes the hardship issue a close one vis-a-vis Mr. Thomas, any doubt must be resolved in favor of disqualification. *See Hull v. Celanese Corp.*, 513 F.2d 568 (2d Cir. 1975). Plaintiffs have not indicated to the court why the remaining Atlanta patent attorneys, or other patent attorneys outside the Atlanta area, would be unable to try this case. Nor have plaintiffs advanced any reasons why even a general trial attorney could not try this case, in consultation with Mr. Thomas. The Disciplinary Rules would not preclude Mr. Thomas from consulting with his replacement, whether a patent attorney or general trial attorney, at any stage of this proceeding other than in open court.

 Finally, plaintiffs contend that defendant's delay in filing this motion is a clear indication that defendant's motion is motivated by other than ethical considerations. However, notwithstanding that defendant's motion might have been tactically inspired, it is the responsibility of the court to ensure that standards of ethics remain high. Because appearances can be as damaging to the public view of the legal profession's integrity as reality, if the delay in

3. Mr. Thomas is to be called as a witness for the defendant and, therefore, also might need to be called as a rebuttal witness for his clients, the plaintiffs. *See* note 1, *supra.* Thus, his withdrawal is clearly required under Rule 5–102(B) and might be required under Rule 5–102(A).

4. Plaintiff Gary F. Burns, a law partner of Mr. Davis, is to be called as a witness for the plaintiffs and, therefore, also might need to be called as a rebuttal witness for defendant. Thus, *Mr. Davis' withdrawal is required under* Rule 5–102(A) and might be required under Rule 5–102(B).

5. Under Disciplinary Rule 5–102(A) an attorney may continue the representation of his client and he or a lawyer in his firm may testify "[a]s to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case."

6. While Disciplinary Rule 5–102(B) would only be applicable to Mr. Davis in the event Mr. Burns is called as a witness on rebuttal by the

defendant, it will clearly be applicable to Mr. Thomas. Under a strict reading of the Rules, Disciplinary Rule 5–102(B) is not subject to the hardship exception, and, accordingly, disqualification of Mr. Thomas could not be avoided by a showing that "substantial hardship" to the plaintiffs would be a result thereof.

7. Mr. Davis did not attend the depositions taken herein of Messrs. Connell and Burns prior to the time defendant raised the issue of his disqualification. Similarly, a review of the documents filed in this action on behalf of plaintiffs reveals that the only paper signed by Mr. Davis himself, prior to the filing of the disqualification motion, was the complaint. In all other instances either his name did not appear or someone else signed his name for him.

8. In the Withdrawal and Appointment of Attorney filed herein on September 28, 1976, plaintiffs appointed Mr. Thomas "as its lead attorney in this action."

20

filing the motion appears to be related to the progress of good faith settlement negotiations, and if the motion is supported by the record,[9] it should not be denied because of laches.[10] *See, e. g., United States ex rel. Sheldon Electric Co. v. Blackhawk Heating & Plumbing Co.*, 423 F.Supp. 486 (S.D.N.Y. 1976).

Therefore, for the above reasons, defendant's motion is hereby granted. Accordingly, Mr. Thomas and Mr. Davis are hereby disqualified from representation of the plaintiffs in open court.

---

9. *See* note 1, *supra.*

10. The court emphasizes, however, that as a general rule ethical problems should be raised at the earliest possible moment.