[Civ. No. 46795. First Dist., Div. One. Oct. 5, 1979.]

SANDRA HARRIS et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
HOSPITAL SERVICE OF CALIFORNIA et al., Real Parties in Interest.

## COUNSEL

Nathaniel S. Colley for Petitioners.

No appearance for Respondent.

White, Giambroni & Walters, Kathleen Courts, Thelen, Marrin, Johnson & Bridges, H. Roger McPike and M. Scott Donahey for Real Parties in Interest.

## OPINION

**ELKINGTON, Acting P. J.**—We issued an alternative writ of mandate in order to consider the validity of the superior court's order disqualifying Attorney Nathaniel S. Colley from serving as trial counsel for petitioners Sandra Harris and Phillip Harris in their actions against real parties in interest, Hospital Service of California and Blue Cross of California (hereafter collectively, Blue Cross), and Kaiser Foundation Health Plan, Inc. (hereafter Kaiser Foundation).

In the superior court the following factual context appeared.

Petitioners are wife and husband. They and their three children were injured in an automobile accident in November 1974. The family was covered by medical insurance policies written by Kaiser Foundation and Blue Cross. The Blue Cross policy provided for reduction of benefits to the extent the insured was covered by other insurance. Kaiser Foundation's policy contained a subrogation clause providing for reimbursement from any recovery from a tortfeasor making necessary its medical care.

In the automobile accident petitioners and their children were rendered unconscious and were taken to, and furnished substantial medical services by, hospitals other than that of Kaiser Foundation to which they were later removed.

Petitioners, represented by their attorney, Nathaniel S. Colley, commenced a personal injury action against the driver of the other car of the accident, against whom they recovered judgment for $827,000. From the tortfeasor's insurance carrier they were paid the amount of his $100,000 coverage, and from the tortfeasor himself $55,000, which sums partially satisfied the judgment.

Petitioners, again represented by Nathaniel S. Colley, thereafter commenced actions in the superior court against Kaiser Foundation, and Blue Cross, seeking compensatory and punitive damages for failure to perform under their respective policies, and damages for "emotional upset, worry, and humiliation . . . ." As to Kaiser Foundation the action appeared predicated upon its demand for full reimbursement from the limited satisfaction of the judgment, and its failure to pay the charges of the hospitals to which members of petitioners' family were first taken after the accident. As to Blue Cross the action seems concerned with a claimed nonpayment of some $30,000 of medical and hospital expenses.

Thereafter in the superior court Blue Cross and Kaiser Foundation moved to disqualify petitioners' attorney, Nathaniel S. Colley, as their attorney in the actions for the reason that he "either will or should be called as a witness for plaintiffs, in order to establish breach of contract and bad faith . . . ." The claimed factual basis of the motion was that Mr. Colley was a "witness to the resulting emotional distress" caused plaintiffs (petitioners), and that by reason of related telephone calls, conferences, and negotiations, with Blue Cross and Kaiser Foundation, he was a "central witness on the issue" of whether they had breached their respective contracts in bad faith, or otherwise.

In opposition to the motion petitioners filed the following declaration:

"Sandra Harris and Phillip Harris declare:

"That we are plaintiffs in the above consolidated actions.

"Our attorney is Nathaniel S. Colley, and we do not desire to be represented by any other attorney. In fact, Mr. Colley is the only attorney with whom we deal, and we know no other attorney with whom we choose to deal. Mr. Colley is handling this case on a contingent fee basis, and we have no funds with which to pay him the reasonable value of the services he has rendered to date herein. If Mr. Colley is removed from our case we will be at a loss to find other counsel. We would hesitate to trust any other lawyer because Mr. Colley knows us well and understands and admires our strong Christian beliefs. We could not have equal confidence in any other lawyer. In fact, our feelings in this matter is [*sic*] so strong that if Mr. Colley is removed from the case we may well choose to represent ourselves or abandon the cases.

"Mr. Colley has fully explained to us the nature of the motion to disqualify him, and each of us agrees that he ought not be called as a witness on behalf of either of us. We are perfectly satisfied to have all aspects of our cases tried on the documents, our testimony, and that of other witnesses and documents known to defendants. Each of us knowingly and expressly waive any disadvantage there may be in having our present counsel represent us.

"Each of us declare under penalty of perjury that we are husband and wife, and that the foregoing averments are true and correct."

The motion to disqualify Mr. Colley was granted, and these proceedings ensued.

We are concerned with rule 2-111(A)(4)(d)(5) of the Rules of Professional Conduct, binding upon all members of the State Bar, approved by the Supreme Court of California on December 31, 1974, and found in 14 Cal.3d 16-17, which states: "Rule 2-111. . . . (A) . . . . (4) If upon or after undertaking employment, a member of the State Bar knows or should know that he or a lawyer in his firm ought to be called as a witness on behalf of his client in litigation concerning the subject matter of such employment he shall withdraw from the conduct of the trial and his firm may continue the representation and he or a lawyer in his firm

may testify in the following circumstances: . . . (d) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case. (5) If, after undertaking employment in contemplated or pending litigation, a member of the State Bar learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client."

■ The rule's purpose is " 'to ensure that the [bar's] standards of ethics remain high,' " and to avoid diminution of "the public's respect and confidence toward the profession." (*Comden* v. *Superior Court,* 20 Cal.3d 906, 912 [145 Cal.Rptr. 9, 576 P.2d 971].)

And it is notable that while the trial court's attention to the applicability of the rule may be invited by a party to the proceedings, no party will have an adversary right or interest in the application of the rule. It "is not intended to personally benefit such other party, or to aid counsel for such other party." (*Id.,* p. 915, fn. 3.) Indeed, but for such harassing effect as its application may have, the adversary party will ordinarily be benefited in such circumstances, for an "attorney who attempts to be both advocate and witness impairs his credibility as witness and diminishes his effectiveness as advocate." (*Id.,* p. 912.)

■ The ultimate issue "involves a conflict between a client's right to counsel of his choice and the need to maintain ethical standards of professional responsibility." (*Id.,* p. 915.) In such a determination the trial court is vested with discretion, the exercise of which will ordinarily be respected by reviewing courts "except in the rare instance when the facts command discretion be exercised in but one way." (*Id.,* p. 913.)

■ As has been noted, rule 2-111(A)(4)(d) provides that it need not be applied if the discontinuance of the attorney's services "would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case." And what appears to be the leading case on the subject, *Comden* v. *Superior Court, supra,* 20 Cal.3d 906, 914, iterates that an attorney's continued representation should be allowed if his "coerced withdrawal would create substantial hardship for [his client] because of the distinctive value of [his] service."

We are of the opinion that the uncontroverted declaration of petitioners discloses that great hardship would ensue to them, were they now

obliged to seek new counsel in the presently funded instant litigation. The rule's application, as they state, would probably put them to the choice of representing themselves or abandoning the cases. We accordingly hold that the superior court's ruling now under review was an abuse of discretion. It will be set aside.

We observe nothing in the case of *Comden* v. *Superior Court, supra,* which in any way tends to impugn our holding. Although there, the high court by a closely divided vote upheld an order disqualifying the petitioners' trial counsel under rule 2-111(A)(4)(d)(5), the factual context reasonably supported the lower court's exercise of discretion. And it is notable that the rationale of that case's dissent is closely attuned to our holding.

We have otherwise in no way considered, or passed upon, the issues or merits of petitioners' actions.

Let the peremptory writ of mandate issue.

Newsom, J., and Grodin, J., concurred.