[No. A033196. First Dist., Div. Four. Feb. 25, 1986.]

SALLIE REYNOLDS, Petitioner, v.
THE SUPERIOR COURT OF CONTRA COSTA COUNTY, Respondent;
BARRY L. SIDERS, Real Party in Interest.

COUNSEL

Charles A. Koss and Thiessen, Gagen & McCoy for Petitioner.

No appearance for Respondent.

Stephen J. Purtill and Justin A. Roberts for Real Party in Interest.

OPINION

SABRAW, J.—By this petition for writ of mandate, petitioner Sallie Reynolds challenges the disqualification of her attorney.

Barry L. Siders, real party in interest herein, was employed to represent petitioner in a will contest and other matters arising from the death of petitioner's father. The will contest was filed by real party in March of 1980. Petitioner became dissatisfied with real party and Gregory McCoy of the law firm of Merrill, Thiessen & Gagen (hereinafter Thiessen firm)[1] was associated as counsel in April 1982. Real party withdrew as counsel a year later and the case ultimately settled.

Real party has filed suit against petitioner contending that he is entitled to a fee for his work on the will contest. On October 11, 1985, he moved to disqualify the Thiessen firm from representing petitioner in this action on the ground that the representation violated rule 2-111 of the Rules of Professional Conduct. In supporting papers, real party stated he intended to call attorney McCoy as a witness. He contended that McCoy's testimony would be prejudicial to his client since he would be required to testify as to the work performed by real party on the will contest.

Petitioner opposed the motion attaching her declaration that she had been fully informed as to the implications of the dual role of counsel and witness, would not have equal confidence in other legal representation and would incur substantial duplicative expense if required to retain new counsel. The matter was argued on October 11, 1985, with attorney Charles Koss of the Thiessen firm appearing on petitioner's behalf.

On October 18, 1985, respondent court disqualified petitioner's counsel in an order which reads in part: "Mr. McCoy and probably Mr. Koss, members of said firm, are key witnesses as to what the value of plaintiff's services were worth, and representing defendants places them in an untenable position vis a vis the fact that their testimony can be prejudicial to their client."

■ An attorney who continues to represent his client despite the fact that compliance with the California Rules of Professional Conduct requires his withdrawal may be disqualified from participating in a trial. (*Comden v. Superior Court* (1978) 20 Cal.3d 906, 910-911 [145 Cal.Rptr. 9, 576 P.2d 971, 5 A.L.R.4th 562].)

The rules which govern an attorney's duty to withdraw when he or a member of his firm will be a witness at the trial are found in rule 2-111 (A)(4) and (5). These portions of rule 2-111 provide as follows:

---

[1]The firm is presently known as Thiessen, Gagen & McCoy. The firm as constituted at all relevant times will be referred to as the Thiessen firm.

"(4) If upon or after undertaking employment, a member of the State Bar knows or should know that the member ought to be called as a witness on behalf of the member's client in litigation concerning the subject matter of such employment, the member may continue employment only with the written consent of the client given after the client has been fully advised regarding the possible implications of such dual role as to the outcome of the client's cause and has had a reasonable opportunity to seek the advice of independent counsel on the matter. In civil proceedings, the written consent of the client shall be filed with the court not later than the commencement of trial. In criminal proceedings, the written consent need not be filed with the court but the member has the duty, before testifying, of satisfying the court that such consent has been obtained from the client if representing the defendant. The member may continue employment and the client's consent need not be obtained in the following circumstances:

"(a) If the member's testimony will relate solely to an uncontested matter; or

"(b) If the member's testimony will relate solely to a matter of formality and there is not reason to believe that substantial evidence will be offered in opposition to the testimony; or

"(c) If the member's testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client; or

"(d) If the member is representing the People, if the member obtains the consent of the head of the particular office representing the People, and if the member's continued representation is not inconsistent with the principles of recusal.

"(5) If, after undertaking employment in contemplated or pending litigation, a member of the State Bar learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client."

When rule 2-111 was first promulgated, it *required* withdrawal of an attorney whenever he knew or should have known "that he or a lawyer in his firm ought to be called as a witness on behalf of his client." The attorney was permitted to continue employment if the exceptions designated (A)(4)(a), (b) and (c) in the present rule applied or in subdivision (A)(4)(d)

if his withdrawal "would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case." The rule contained no proviso for continued participation with consent of the client.[2]

This initial version of Rule 2-111 was approved by the Supreme Court effective January 1, 1975. (See *Comden* v. *Superior Court, supra,* 20 Cal.3d at p. 911, fn. 1.) The Supreme Court applied the rule in 1978 in *Comden* and upheld the disqualification of an attorney despite the allegation that counsel's " 'impressions and rapport with the people involved' " could not be transferred and despite the argument that the clients would incur large legal fees to secure new counsel. (*Id.,* at p. 914.)

In 1979, subdivision (A)(4) of Rule 2-111 was amended to its present form which permits an attorney to continue representation "with the written consent of the client . . . ." We note that subdivision (A)(5) was not amended to allow an attorney to continue employment with the consent of his client. Thus if, as here, the opposing party intends to call the attorney as a witness, the attorney must withdraw if his testimony would be prejudicial to his client. However, he need not withdraw unless it is "apparent" that his testimony is or may be prejudicial.[3]

Respondent court ruled that disqualification was required under subdivision (A)(5), thus necessarily finding it "apparent" that the testimony of the attorney would be prejudicial. ▆ We are cognizant of our duty to uphold respondent court in its ruling on a motion to disqualify if there is "a rational basis in the record supporting the manner in which the court exercised the

---

[2]Rule 2-111 (A) (4) and (5) read as follows when first promulgated:

"(4) If upon or after undertaking employment, a member of the State Bar knows or should know that he or a lawyer in his firm ought to be called as a witness on behalf of his client in litigation concerning the subject matter of such employment he shall withdraw from the conduct of the trial and his firm may continue the representation and he or a lawyer in his firm may testify in the following circumstances:

"(a) If the testimony will relate solely to an uncontested matter; or

"(b) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or

"(c) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client; or

"(d) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.

"(5) If, after undertaking employment in contemplated or pending litigation, a member of the State Bar learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client."

[3]"Apparent" is defined inter alia as "capable of easy perception . . . ." (Webster's Third New Internat. Dict. (1965).)

power and discretion vested in it." (*Lyle* v. *Superior Court* (1981) 122 Cal.App.3d 470, 479 [175 Cal.Rptr. 918]; see also *Comden* v. *Superior Court, supra,* 20 Cal.3d at p. 913; *Harris* v. *Superior Court* (1979) 97 Cal.App.3d 488, 493 [158 Cal.Rptr. 807].) ■ In the instant case, however, the record does not support a finding that the testimony petitioner's attorney is likely to give "is or may be prejudicial to his client."

There is no affidavit from petitioner as to the likely content of Mr. McCoy's testimony but we note that in argument Mr. Koss vehemently denied the testimony would be prejudicial to the client.[4] In arguing that the attorney's testimony is bound to prejudice his client, real party points to the fact that real party filed the will contest on the last day before the statute of limitations would have run; that after a decision was made to associate the Thiessen firm, Mr. McCoy wrote to real party stating he looked forward to working with him; that real party was not requested to substitute out of the matter until May 31, 1983, several months after the Thiessen firm started to work on the case and over three years after the will contest was filed. Real party points to the fact that the case settled and that petitioner contends real party is not entitled to any fees.

To the extent that these facts, prejudicial or not, may be brought out without calling petitioner's attorney to the stand, they may not be used to disqualify counsel under subdivision (A)(4). As the court in *Comden* recognized, a motion to disqualify "[Is] not intended to personally benefit such other party, or to aid counsel for such other party." (*Comden* v. *Superior Court, supra,* 20 Cal.3d at p. 915, fn. 3.) ■ A federal court noted in applying an analogous rule of the American Bar Association: "[W]henever an adversary declares his intent to call opposing counsel as a witness, prior to ordering disqualification of counsel, the court should determine whether counsel's testimony is, in fact, genuinely needed." (*Connell* v. *Clairol, Inc.* (M.D.Ga. 1977) 440 F.Supp. 17, 18, fn. 1.) ■ The only testimony needed by real party from petitioner's counsel is testimony as to how much work real party did on the case while both counsel worked together. As to this issue, petitioner's counsel has stated that testimony will not be favorable to real party.

■ Although the anticipated testimony does not meet the "apparent" prejudice test of subdivision (A)(5), we agree with respondent court that

---

[4] In arguing on the motion to disqualify, Mr. Koss stated: "Now I happened to have worked on this case from the get go, and I happened to know that from day one that even [though] Mr. Siders may have been in association, I personally did most of the work on it. I don't remember working with Mr. Siders at all. It was exclusively handled by our firm from the day that Sallie and Syma walked into our office."

"Mr. McCoy and probably Mr. Koss, members of said firm, are key witnesses as to what the value of plaintiff's services are worth. . . ." They could be disqualified under the standard of subdivision (A)(4) but the fact that the client has consented to the dual capacity must be given great weight. We agree with the assessment of the court in *Lyle* v. *Superior Court, supra,* 122 Cal.App.3d 470, 482, in speaking of the significance of this consent:

"It is our opinion that the trial court under the new rule still has discretion to order withdrawal of counsel in instances where an attorney or a member of the attorney's law firm ought to testify on behalf of his client. The amended rule, however, changes the emphasis which the trial court must place upon the competing interests in reaching its decision. Under the amended rule 2-111(A)(4) of the Rules of Professional Conduct, the trial court, when balancing the several competing interests, should resolve the close case in favor of the client's right to representation by an attorney of his or her choice and not as in *Comden,* in favor of complete withdrawal of the attorney. Under the present rule, if a party is willing to accept less effective counsel because of the attorney's testifying, neither his opponent nor the trial court should be able to deny this choice to the party without a convincing demonstration of detriment to the opponent or injury to the integrity of the judicial process. (See *Comden* v. *Superior Court, supra,* 20 Cal.3d 906, 918 [dis. opn.]; *Harris* v. *Superior Court* (1977) 19 Cal.3d 786 [140 Cal.Rptr. 318, 567 P.2d 750].) In other words, under the present rule the trial court can disqualify counsel only where it is confronted with manifest interests which it must protect from palpable prejudice. (See *Comden* v. *Superior Court, supra,* 20 Cal.3d 906, 919 [dis. opn.]; *People* v. *Superior Court (Greer), supra,* 19 Cal.3d 255 [137 Cal.Rptr. 476, 561 P.2d 1164].) [Fn. omitted.]"

In the instant case, no attempt was made to demonstrate detriment to real party or to the judicial process and we perceive none which would outweigh petitioner's interest in retaining her chosen counsel.

Real party in his motion to disqualify contended that disqualification was required under rule 2-111(B)(1) which would require withdrawal if petitioner's counsel "knows or should know" that his client's defense to this action is without merit. Real party also asserted that because Attorney McCoy and real party shared a work product privilege, Attorney McCoy should be estopped from representing petitioner. Real party did not pursue these contentions in argument below nor does he pursue them here. They appear to be totally without merit.

Let a peremptory writ of mandate issue to the Superior Court of Contra Costa County in No. 260049 directing it to vacate its order of October 18, 1985, disqualifying petitioner's law firm.

Anderson, P. J., and Poché, J., concurred.