**WSB–TV, Mark C. Winne and Richard Nelson**

v.

**Earl LEE.**

**No. 1:86–cv–2419–RCF.**

United States District Court, N.D. Georgia, Atlanta Division.

Sept. 16, 1988.

Terrence B. Adamson, Dow Lohnes & Albertson, Atlanta, Ga., for plaintiffs.

Donald Burton Howe, Jr., Howe Sutton McCreary & Dettmering, Douglasville, Ga., Harvey Scott Gray, Fortson & White, Atlanta, Ga., for defendant.

### ORDER

RICHARD C. FREEMAN, District Judge.

This action is before the court on the following motions: 1) plaintiffs' motion to dismiss defendant's counterclaim; 2) defendant's motion to dismiss; 3) defendant's motion for protective order; 4) defendant's

motion to dismiss plaintiffs' response; 5) plaintiffs' motion for judicial conference; 6) plaintiffs' motion for continuance; 7) plaintiffs' motion to amend complaint; 8) defendant's motion to amend counterclaim. These motions will be discussed seriatim. Additionally, the court will address the issue of attorney disqualification.

### 1. *Plaintiffs' Motion to Dismiss Defendant's Counterclaim for Defamation*

Plaintiffs move to dismiss defendant's counterclaim for defamation. Defendant has also moved to dismiss the defamation claim. Accordingly, the court will grant defendant's motion.

### 2. *Defendant's Motion to Dismiss*

■ Defendant moves to dismiss plaintiffs' civil rights claims under 42 U.S.C. § 1983. Defendant further moves to then dismiss the pendent state claims for lack of jurisdiction. Plaintiffs oppose the motion.

In effect, this is a motion for summary judgment because the court has before it not only the pleadings of the parties, but also affidavits and other matters outside the pleadings. Under Fed.R.Civ.P. 56(c), summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The Eleventh Circuit has reviewed this action and determined that summary judgment is inappropriate because "a reasonable inference to be drawn from affidavits submitted by plaintiffs is that the November 6 incident is but one episode in the ongoing effort of defendant to thwart or impede plaintiffs in gathering and reporting news relating to rumors of the sheriff's use of inmate labor on his private property, an interference with plaintiffs' first amendment rights which would violate 42 U.S.C. § 1983." *WSB–TV v. Lee*, 842 F.2d 1266, 1270 (11th Cir.1988). Pursuant to the decision of the Eleventh Circuit, defendant's motion to dismiss is denied.

### 3. *Defendant's Motion for Protective Order*

The parties have informed the court that they have reached an agreement with respect to Plaintiffs' First Set of Interrogatories. Thus, defendant's motion for protective order is now moot.

### 4. *Defendant's Motion to Dismiss Plaintiffs' Response*

In light of the stipulation reached between parties with respect to the Plaintiffs' First Set of Interrogatories, this motion is also moot.

### 5. *Plaintiffs' Motion for Judicial Conference*

This motion, also pending at the time the court granted defendant's motion for summary judgment, is also moot. Since the case has been reopened before this court, the parties have had a status conference with the court.

### 6. *Plaintiffs' Motion for Continuance*

Plaintiffs moved for a continuance or deferral of the court's ruling on defendant's motion for summary judgment. This motion was effectively denied by the court's grant of summary judgment and is now moot.

### 7. *Plaintiffs' Motion to Amend Complaint*

■ Plaintiffs' have moved to file an amended and supplemental complaint and add Frank Winn as a party defendant. Defendant opposes the motion. Mr. Winn, responding by way of special appearance, also opposes the motion.

Plaintiffs filed their original complaint on November 10, 1986. Several days later, on November 13, 1986, plaintiffs filed their amendment of right. Earl Lee was the only party defendant named in the original complaint and amended complaint.

Under Fed.R.Civ.P. 15(a) after one amendment of right, a party may amend a pleading "only by leave of the court." Further, the court may permit a supplemental pleading under Fed.R.Civ.P. 15(d) "upon

reasonable notice and upon such terms as are just." Likewise, a party may be added by order of the court "on such terms as are just." Fed.R.Civ.P. 21.

The court has wide discretion under Rules 15 and 21. Rule 15, however, seems to suggest a bias in favor of allowing amendment, directing that leave to amend "shall be freely given when justice so requires." In practice, the federal courts allow liberal amendment of pleadings, particularly in civil rights actions. *See, e.g., Rotolo v. Borough of Charleroi*, 532 F.2d 920 (3d Cir.1976). Generally, when determining whether to permit amendment the court must consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Under the facts of this case, the court finds that plaintiffs should be allowed to amend and supplement their complaint by adding Winn as a party defendant. The record is devoid of any indication of bad faith on the part of plaintiffs. There has been no unnecessary delay, especially in light of the fact that discovery had not commenced at the time plaintiffs filed their motion. The plaintiffs have filed only one prior amendment to their complaint and that amendment was filed for the purpose of correcting typographical errors. The court does not find that granting plaintiffs' motion will result in undue prejudice to the defendant. On the contrary, defendant has been "on notice" for more than sixteen (16) months of the possibility that Winn may be added as a defendant. The procedural position of the case also makes prejudice unlikely because the case has recently been reopened and the parties are in effect beginning anew to prepare the case for trial. Finally, the court does not find the amendment so doomed to futility as to deny amendment on that ground.

Thus, the court will permit plaintiffs to file their Amended and Supplemental Complaint. Plaintiffs shall file the amended complaint within twenty (20) days of the entry of this order. Discovery will be extended for a two (2) month period following the filing of the last answer to the amended complaint.

### 8. *Defendant's Motion to Amend Counterclaim*

■ Defendant moves to amend his counterclaim by withdrawing his counterclaim for defamation and adding a counterclaim for intentional infliction of emotional distress. Plaintiffs do not oppose the withdrawal of the defamation counterclaim; they do, however, oppose the addition of the counterclaim for intentional infliction of emotional distress.

Applying the same standard for amendment discussed previously in section 7, the court will permit amendment of the counterclaim. As is the case with plaintiffs' proposed amendment, there is no evidence of undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility.

Defendant shall file his amended counterclaim within twenty (20) days of the entry of this order. As noted above, discovery will be extended for a two month period that will begin to run upon the filing of the last answer to plaintiffs' amended complaint.

### *Attorney Disqualification*

■ At the status hearing on June 3, 1988, the court directed defendant to submit a memorandum discussing the issue of whether plaintiffs' counsel should be disqualified. Defendant has filed a memorandum and plaintiffs have responded. Thus, although not submitted on a motion by either party, the issue is ripe for consideration.

On November 6, 1986 WSB–TV attorney Daryl B. Ross accompanied plaintiffs Mark Winne and Richard Nelson to Douglas County in order to interview Defendant Earl Lee. When plaintiffs encountered defendant Lee, Lee allegedly assaulted plaintiff Nelson. As a result of this incident, plaintiffs filed a § 1983 action alleging a

violation of civil rights. Plaintiffs have been represented by the law firm Dow, Lohnes & Albertson in this action. Mr. Ross, who accompanied plaintiffs to Douglas County and who witnessed the alleged assault and filed an affidavit in conjunction with this litigation, is a corporate lawyer with Dow, Lohnes & Albertson.

On February 9, 1987 the court approved a consent order in which defendant agreed that any motion for disqualification based on Mr. Ross' involvement in the case and status as a potential trial witness would be filed by February 13, 1987. Defendant has not filed a motion for disqualification, although he did raise the issue in a Motion for Protective Order filed on February 17, 1987.

In his memorandum, defendant argues that Dow, Lohnes & Albertson should voluntarily withdraw or, alternatively, depending on the content of Mr. Ross' testimony, disqualification may be "mandated." Plaintiffs respond that disqualification is not required under the Georgia State Bar Rules and Regulations.

The Local Rules for the United States District Court for the Northern District of Georgia govern all actions commenced after January 1, 1985. LR 100–2, NDGa. Thus, the Local Rules apply to this action. Under the Local Rules, the Standard of Professional Conduct for lawyers is as follows:

> All lawyers practicing before this Court shall be governed by and shall comply with the specific rules of practice adopted by this Court and, unless otherwise provided, with the Code of Professional Responsibility and the Standards of Conduct contained in the Rules and Regulations of the State Bar of Georgia and with the decisions of this Court interpreting these rules and standards.

LR 110–3, NDGa.

Defendant relies on several cases from the Northern District of Georgia decided prior to the effective date of the current Local Rules. *See e.g., Healthcrest, Inc. v. American Medical International, Inc.,* 605 F.Supp. 1507 (N.D.Ga.1985); *Connell v. Clairol, Inc.,* 440 F.Supp. 17 (N.D.Ga.

1977). Prior to the current Local Rules, the applicable standard of professional conduct was "the current canons of professional ethics of the American Bar Association." *See Amoco Chemicals Corp. v. MacArthur,* 568 F.Supp. 42, 45 n. 2 (N.D.Ga.1983) (quoting former Local Court Rule 71.54). Because the current Local Rules replace the ABA standards with the standards promulgated by the Georgia State Bar, the cases relied upon by defendant are not persuasive.

The Code of Professional Responsibility as adopted in Georgia provides only the following rule on attorney-witness disqualification:

> When a lawyer is a witness for his client, except as to merely formal matters, such as the attestation or custody of an instrument and the like, he should leave the trial of the case to other counsel. Except when essential to the ends of justice, a lawyer should avoid testifying in court in behalf of his client.

Georgia Code of Professional Responsibility, DR 5–102. This version of the Code differs from the Model Code as promulgated by the American Bar Association. The ABA version provides two rules on attorney-witness disqualification. ABA Code DR 5–102 provides:

(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that *he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw* from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4) [relating to substantial hardship to the client, formal or uncontested matters, and fee disputes].

(B) If, after undertaking employment in a contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until

it is apparent that his testimony is may be prejudicial to his client.

ABA Model Code of Professional Responsibility DR 5–102 (emphasis added).

The Georgia version of the Code differs from the ABA version in that the former does not explicitly require disqualification of an attorney's law firm merely because that attorney will appear as a witness at trial. Because the other provisions of the Georgia version of the Code generally parallel those of the ABA version, the court believes that the Georgia State Bar intended its version of DR 5–102 to mean something different than the ABA's version. The court believes that because the Georgia State Bar did not adopt the ABA language that disqualifies the attorney-witness' law firm, the Bar intended disqualification only of the attorney-witness. Therefore, the court will not disqualify Dow, Lohnes & Albertson under DR 5–102 from representing plaintiffs at trial in this action.

Defendant also contends that Dow, Lohnes & Albertson should withdraw or be disqualified under DR 5–101(B), which is the second attorney-witness disqualification rule in the ABA scheme. Under the ABA version, a law firm "shall not accept employment" where a lawyer from the firm "ought to be called as a witness" unless the testimony will fall within certain exceptions relating to formal or uncontested matters, substantial hardship to client, and fee disputes.[1] In this instance, there is no Georgia equivalent of the ABA rule. The State Bar of Georgia excludes DR 5–101(B) in its entirety. Accordingly, the court will not disqualify an attorney on the basis of a professional standard not in effect in this district.

Defendant suggests that Ethical Considerations 5–9 and 5–10 are relevant to this inquiry. The court disagrees. Both EC 5–9 and EC 5–10 apply to the propriety of an attorney serving as both witness and advocate. Neither addresses the situation presently before the court involving a potential witness who is merely a member of the same law firm as trial counsel.

The court finds that Dow, Lohnes & Albertson may continue their representation of plaintiffs despite the possibility that Mr. Ross may testify.

Accordingly, defendant's counterclaim for defamation is DISMISSED. Defendant's motion to dismiss is DENIED. Defendant's motion for protective order is DENIED as moot. Defendant's motion to strike plaintiffs' response thereto is DENIED as moot. Plaintiffs' motion for judicial conference is DENIED as moot. Plaintiffs' motion for continuance is DENIED as moot. Plaintiffs' motion to file amended and supplemental complaint is GRANTED. Discovery will be extended for a two month period following the filing of the last answer to the amended complaint. Defendant's motion to amend counterclaim is GRANTED.

SO ORDERED.

---

1. The ABA Rule provides:

A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness except that he may undertake the employment and he or a lawyer in his firm may testify:

(1) if the testimony would relate solely to an uncontested matter;

(2) if the testimony will relate solely to a matter of formality and there is no matter to believe that substantial evidence will be offered in opposition to the testimony;

(3) if the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer of his firm to the clients;

(4) as to any matter if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.

ABA Model Code of Professional Responsibility DR 5–101(B).