Filed 6/4/13  Midway Venture v. Luster CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MIDWAY VENTURE, LLC, | D061269 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2010-00101936-CU-MC-CTL) |
| PETER LUSTER et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of San Diego County, Lisa Foster, Judge.  Affirmed.

Franceschi Law Corporation and Ernest J. Franceschi, Jr., for Plaintiff and Appellant.

Law Offices of David Baxter Norris and David B. Norris for Defendant and Respondent.

Plaintiff Midway Venture, LLC (Midway) appeals an order granting defendant Peter Luster's motion to disqualify Midway's counsel in its action against him for

interference with contractual relations and prospective economic advantage. On appeal, Midway contends: (1) Luster did not have standing to move to disqualify its counsel; (2) the evidence is insufficient to support the trial court's finding of a conflict of interest; (3) the court did not rule on its evidentiary objections; (4) the court erred by considering a witness's deposition testimony; (5) the court did not perform the required balancing analysis; and (6) the court should have considered options less drastic than disqualification of its counsel.

FACTUAL AND PROCEDURAL BACKGROUND

On October 8, 2010, Midway filed a complaint against Luster alleging causes of action for: (1) disruption of contractual relationships; and (2) tortious interference with prospective economic advantage. The complaint alleged that Midway "owns and operates a gentlemen's club known [as] Larry Flynt's Huster [sic] Club" located at 3334 Midway Drive, San Diego (Club). It further alleged that on or about September 21, 2010, Midway acquired ownership of the Club through an auction conducted by the United States Bankruptcy Court in a Chapter 11 proceeding for Pacers, Inc. (Pacers). It alleged that the former "principals" of Pacers currently own many other gentlemen's clubs under the brand names "Deja Vu" and "Larry Flynt's Hustler Club" and that Luster is an officer, principal, managing agent, or equity partner of the company that owns the Deja Vu Gentlemen's Club located at 2720 Midway Drive, San Diego, a direct competitor of Midway. It also alleged, on information and belief, that Luster is an officer, principal, managing agent, or equity partner of Tollis, Inc., which owns a parking lot at 3426 Midway Drive, San Diego, adjacent to the Club. The complaint alleged Midway

2

exercised its right to assume certain contracts between Pacers and Deja Vu Consulting, Inc., LFP Publishing Group, LLC, and Larry Flynt. Luster disrupted those contractual relations. Luster and Tollis, Inc., entered into an agreement with Pacers's bankruptcy trustee to rent the parking lot adjacent to the Club for customer parking. When Midway refused to enter into a new agreement with Tollis, Inc., for the continued use of the parking lot, Luster had a fence erected that sealed off the parking lot from the Club, disrupting its operations. The complaint also alleged Luster contacted Midway's landlord in an attempt to induce the landlord to terminate the lease agreement. Midway demanded a jury trial on its causes of action against Luster.

Luster filed a motion to disqualify Midway's counsel, Ernest Franceschi. Luster argued that because Franceschi served as Midway's manager during negotiations of the contractual relationships that are the subject of its action against him (Luster), Franceschi was a material witness to the disputed issues in this case and therefore has a conflict of interest. Citing California Rules of Professional Conduct, rule 5-210,[1] and *Reynolds v. Superior Court* (1986) 177 Cal.App.3d 1021, Luster argued that although an attorney may act as an advocate and a witness in a case, the court may grant a motion to disqualify that attorney for a conflict of interest. He argued that Midway had "failed to file with the court [its] requisite written consent . . . as required in [former] Rule 2-111 [now rule 5-210(C)]." In support of his motion, Luster lodged exhibits showing Franceschi's

---

[1]     All references to rules are to the California Rules of Professional Conduct except as otherwise specified.

3

involvement as Midway's manager in handling the contractual relations with which he allegedly interfered.

Midway filed a memorandum opposing Luster's motion to disqualify Franceschi as its counsel. It argued the motion was untimely, unsupported by admissible evidence, and brought primarily to delay trial. In support of its opposition, Midway submitted the declaration of Peter Balov, Midway's current managing member. Balov stated Abner Pajounia was Midway's managing member until September 12, 2010, when Franceschi was elected to be the manager for the limited purpose of effectuating the close of escrow for acquisition of the Club. He stated Franceschi, as the manager of Midway, had no operational duties and dealt only with its legal matters. Balov stated he (Balov) handled all of Midway's operational duties while Franceschi was its manager. Balov stated: "Immediately after the close, the members elected me to become the Manager of Midway . . . , a position which I have held to the present time." Also in support of its opposition, Midway filed evidentiary objections to certain evidence submitted by Luster. In reply, Luster argued that Midway did not submit any written consent permitting Franceschi to proceed as its attorney in this matter.

Following arguments of counsel, the trial court granted Luster's motion to disqualify Franceschi as Midway's counsel in this case. The court stated that actions taken by Midway prior to the close of escrow were relevant or potentially relevant to Luster's defense and, "given that Mr. Franceschi served as both [the manager] and the attorney at the same time, the Court believes there's an absolute conflict." The court stated it did not have any waiver of that potential client conflict. The court granted

4

Midway's request for a stay of the proceedings pending its appeal of the order. Midway timely filed a notice of appeal.[2]

DISCUSSION

I

*Disqualification of Counsel Generally*

Code of Civil Procedure[3] section 128, subdivision (a), provides: "Every court shall have the power to do all of the following: [¶] . . . [¶] (5) [t]o control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto." Section 128, subdivision (a)(5) "gives courts the power to order a lawyer's disqualification. [Citation.] On appeal, a trial court's decision concerning a disqualification motion will not be disturbed absent an abuse of discretion. [Citation.] 'The trial court's exercise of this discretion is limited by the applicable legal principles and is subject to reversal when there is no reasonable basis for the action. [Citations.]' " (*DCH Health Services Corp. v. Waite* (2002) 95 Cal.App.4th 829, 831-832.)

"[D]isqualification motions involve a conflict between the clients' right to counsel of their choice and the need to maintain ethical standards of professional responsibility. [Citation.] The paramount concern must be to preserve public trust in the scrupulous

---

[2]    An order granting a disqualification motion is an appealable order. (*A.I. Credit Corp., Inc. v. Aguilar & Sebastinelli* (2003) 113 Cal.App.4th 1072, 1077.)

[3]    All statutory references are to the Code of Civil Procedure.

5

administration of justice and the integrity of the bar.  The important right to counsel of one's choice must yield to ethical considerations that affect the fundamental principles of our judicial process."  (*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135, 1145.)  "Depending on the circumstances, a disqualification motion may involve such considerations as a client's right to chosen counsel, an attorney's interest in representing a client, the financial burden on a client to replace disqualified counsel, and the possibility that tactical abuse underlies the disqualification motion."  (*Ibid*.)

A disqualification motion may be based on an attorney's dual roles as an advocate and a witness.  "The 'advocate-witness rule,' which prohibits an attorney from acting both as an advocate and a witness in the same proceeding, has long been a tenet of ethics in the American legal system . . . ."  (*Kennedy v. Eldridge* (2011) 201 Cal.App.4th 1197, 1208 (*Kennedy*).)  " 'Occasionally a lawyer is called upon to decide in a particular case whether he will be a witness or an advocate.  If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness.  Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case.  An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility.  The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively.' "  (*People v. Donaldson* (2001) 93 Cal.App.4th 916, 927-928 (*Donaldson*), quoting former ABA Model Code Prof. Responsibility, EC 5-9.)

6

Furthermore, " '[c]ombining the roles of advocate and witness can prejudice the opposing party' and confers on the opposing party 'proper objection where the combination of roles may prejudice that party's rights in the litigation.' [Citation.] 'A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.' " (*Donaldson,* at p. 929.)

"[T]he State Bar [of California] has adopted a rule of professional conduct that prohibits, with few exceptions, a lawyer from acting as both advocate and witness [citation] . . . ." (*Donaldson*, *supra*, 93 Cal.App.4th at p. 927, citing rule 5-210.) Rule 5-210 states:

> "A member shall not act as an advocate before a jury which will hear testimony from the member unless:
>
> "(A)  The testimony relates to an uncontested matter; or
>
> "(B)  The testimony relates to the nature and value of legal services rendered in the case; or
>
> "(C)  The member has the *informed, written consent of the client. . . .*"  (Italics added.)

Citing rule 5-210, the California Supreme Court stated: "An attorney must withdraw from representation, absent the client's informed written consent, whenever he or she knows or should know he or she ought to be a material witness in the client's cause. [Citations.] . . . An attorney should 'resolve any doubt in favor of preserving the integrity of his testimony and against his continued participation as trial counsel.' " (*People v. Dunkle*

7

(2005) 36 Cal.4th 861, 915 (*Dunkle*).)  Furthermore, even if an advocate-witness has obtained the informed written consent of his or her client, the trial court nevertheless has discretion to disqualify counsel where he or she is a material witness in the case.  (*Lyle v. Superior Court* (1981) 122 Cal.App.3d 470, 482 (*Lyle*).)  In exercising that discretion, a trial court balances the competing interests of the counsel's client, the opposing party, and the integrity of the judicial process.  (*Id.* at pp. 482-483; see also *Smith, Smith & Kring v. Superior Court* (1997) 60 Cal.App.4th 573, 580-581; *Reynolds v. Superior Court*, *supra*, 177 Cal.App.3d at p. 1028.)

II

*Standing*

Midway contends the trial court erred by granting Luster's motion because he, as the opposing party, did not have standing to move to disqualify Franceschi as its counsel in this action.  A moving party generally "must have standing, that is, an invasion of a legally cognizable interest, to disqualify an attorney."  (*Great Lakes Construction, Inc. v. Burman* (2010) 186 Cal.App.4th 1347, 1357.)  A nonclient may have standing to bring a disqualification motion based on a third party conflict of interest or other ethical violation where the ethical breach is manifest and glaring and so infects the litigation that it impacts the moving party's interest in a just and lawful determination of the case.  (*Ibid.*, citing *Colyer v. Smith* (C.D.Cal. 1999) 50 F.Supp.2d 966, 971-972; see also *Kennedy*, *supra*, 201 Cal.App.4th at p. 1204.)  "[N]o California case has held that only a client or former client may bring a disqualification motion."  (*Kennedy*, at p. 1204.)  "Case law abounds with examples of orders disqualifying counsel that have not been the product of

8

motions by present or former clients." (*Ibid*.) "[W]here an attorney's continued representation threatens an opposing litigant with cognizable injury or would undermine the integrity of the judicial process, the trial court may grant a motion for disqualification, regardless of whether a motion is brought by a present or former client of recused counsel." (*Id*. at p. 1205.) Because standing is a question of law, we determine the issue of standing independent of the trial court's determination of that issue and its factual findings and inferences. (*Great Lakes*, at p. 1354; *IBM Personal Pension Plan v. City and County of San Francisco* (2005) 131 Cal.App.4th 1291, 1299.)

Based on our review of the record in this case, we conclude Luster had standing to bring his motion to disqualify Franceschi as Midway's counsel in this action. Luster's motion papers showed his defense to the action against him substantially relies on the actions Franceschi took on behalf of Midway while acting as its manager before the close of escrow in its purchase of the Club. Therefore, Franceschi is a material witness in the case, despite Midway's conclusory assertion to the contrary.[4] In representing Midway as counsel in this action, Franceschi therefore had dual roles as an advocate and a witness. As discussed above, the advocate-witness rule generally prohibits an attorney from acting in both capacities. That rule is based on several considerations, including the potential

---

[4] The fact that Midway does not intend to present Franceschi's testimony in support of its claims against Luster does not show he is not a material witness in this case. Rather, Luster's representation, and supporting evidence showing, that Franceschi acted as Midway's manager during the period of time it took actions that arguably could provide a defense for Luster are sufficient to show Franceschi is a material witness for purposes of the advocate-witness rule.

9

adverse impact on the opposing party. (*Donaldson*, *supra*, 93 Cal.App.4th at pp. 927-929; *Lyle*, *supra*, 122 Cal.App.3d at p. 480.) Opposing counsel may be handicapped in cross-examining and in arguing the credibility of trial counsel who also acts as a witness. (*Donaldson*, at p. 928; *Lyle*, at p. 480.) In the circumstances of this case, we conclude Luster likely would be handicapped or otherwise prejudiced were Franceschi allowed to take on the dual roles of advocate and witness in this case. Luster may be less effective in cross-examining Franceschi and challenging his credibility as a witness when he (Franceschi) is in a position as an attorney to curry favor with the jury and thereby indirectly enhance the credibility of his testimony as a witness. We conclude Luster had a sufficient legally cognizable interest to move to disqualify Franceschi. (*Great Lakes Construction, Inc. v. Burman*, *supra*, 186 Cal.App.4th at p. 1357; *Kennedy*, *supra*, 201 Cal.App.4th at pp. 1204-1205.) Luster had standing to bring his motion to disqualify Franceschi as Midway's counsel. Assuming arguendo Luster did not have such standing, the trial court nevertheless had authority, on its own motion, to disqualify Franceschi as Midway's counsel to protect the integrity of the judicial process. (*Kennedy*, at p. 1205.) "[T]he court has an independent interest in ensuring trials are conducted within ethical standards of the profession and that legal proceedings appear fair to all that observe them." (*In re A.C.* (2000) 80 Cal.App.4th 994, 1001.) Were Franceschi allowed to act in the dual roles of advocate and witness, it may be unclear to a jury whether it should consider his statements to be evidence or analysis of or argument on the evidence. (*Donaldson*, at p. 929.)

## III

### *Evidentiary Support for Luster's Motion*

Because we resolve this appeal based on rule 5-210(C) as discussed below, we only briefly address Midway's contentions that the trial court erred by not ruling on its evidentiary objections and by considering the deposition testimony of the bankruptcy trustee. First, Midway provides no legal authority or argument persuading us to adopt its proposed new rule that would require trial courts, in ruling on a disqualification motion, to follow the rule in summary judgment motions requiring courts to expressly sustain or overrule evidentiary objections. (Cf. § 437c, subd. (c).) We conclude the trial court did not prejudicially err by not expressly ruling on Midway's objections to evidence submitted by Luster in support of his disqualification motion.

Likewise, Midway provides no legal authority or argument persuading us that the trial court erred in considering excerpts from the transcript of the bankruptcy trustee's deposition. The fact that the trustee refused to answer certain deposition questions posed by Franceschi on cross-examination does not, contrary to Midway's assertion, require exclusion of the trustee's deposition testimony on direct examination. None of the authorities cited by Midway required the trial court to exclude that evidence. (See, e.g., Evid. Code, § 1291, subd. (a)(2); *N.N.V. v. American Assn. of Blood Banks* (1999) 75 Cal.App.4th 1358, 1396.) We conclude Midway has not carried its burden on appeal to show the trial court prejudicially erred by considering the deposition testimony of the bankruptcy trustee in ruling on Luster's disqualification motion.

11

IV

*Rule 5-210(C) Informed Written Consent*

We conclude the trial court correctly granted Luster's motion to disqualify Franceschi as Midway's counsel because Midway did not submit any evidence in opposition to that motion showing it had given Franceschi its informed written consent, as required under rule 5-210(C), for him to act in the dual roles of advocate and witness.

Rule 5-210(C) provides that an attorney *shall not* act as an advocate before a jury that will hear testimony from that attorney *unless* the attorney has the "informed, written consent of the client." *Dunkle* stated: "An attorney *must withdraw* from representation, *absent the client's informed written consent*, whenever he or she knows or should know he or she ought to be a material witness in the client's cause." (*Dunkle*, *supra*, 36 Cal.4th at p. 915, italics added.) Based on our review of the record on appeal, which includes the appellant's appendix and reporter's transcript of the hearing on Luster's motion to disqualify, we conclude there is no evidence that Midway provided Franceschi with its informed written consent to allow him to act in the dual roles of advocate and witness in this case. In moving to disqualify Franceschi as Midway's counsel, Luster argued Midway had "failed to file with the court [its] requisite written consent . . . as required in [former] Rule 2-111 [now rule 5-210(C)]." However, in opposing the motion, Midway wholly neglected to provide the court with proof of any such written consent. No copy of a rule 5-210(C) informed written consent of Midway was lodged with the court. Furthermore, no other evidence submitted by Midway showed it had given Franceschi such informed written consent to act in the dual roles of advocate and witness. At most,

12

Midway provided evidence supporting a finding that its members had consented to Franceschi's representation of Midway in this case, but not that its members gave their informed written consent for him to act in the dual roles of advocate and witness. In Balov's declaration, he stated:

> "Mr. Franceschi, has from the inception of [Midway], been [Midway's] General Counsel and represents [it] in this, as well as other litigations with the unanimous consent and approval of all of [Midway's] members. I am not aware of any conflict of interest between Mr. Franceschi, Mr. Bitter, Ms. Wood, or myself that would preclude Mr. Franceschi from representing our interests in this litigation[.]"

That declaration merely sets forth the unsurprising statement that Franceschi represents Midway in this case and Balov is personally unaware of any conflict of interest. That declaration is insufficient to prove Midway or its members gave Franceschi its or their informed written consent to act in the dual roles of advocate and witness, which consent is required pursuant to rule 5-210(C). Based on the appellate record, we conclude Midway did not provide Franceschi with the informed written consent required by rule 5-210(C) to allow him to act in the dual roles of advocate and witness in this case. Accordingly, Franceschi is precluded from acting in those dual roles. (Rule 5-210(C); *Dunkle*, *supra*, 36 Cal.4th at p. 915.) Therefore, the trial court correctly granted Luster's motion to disqualify Franceschi as Midway's counsel in this case. (Cf. *Lyle*, *supra*, 122 Cal.App.3d at pp. 473, 476 [parties stipulated and trial court agreed that plaintiff's declaration complied with requirement for informed written consent for attorney to act in dual roles of advocate and witness].) Because we resolve this appeal on this ground, we do not address Midway's remaining contentions.

## DISPOSITION

The order is affirmed.  Luster is entitled to costs on appeal.


McDONALD, J.

WE CONCUR:


NARES, Acting P. J.


McINTYRE, J.