Filed 8/19/22 Chen v. Yang CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JOHN G. CHEN,<br><br>    Petitioner and Appellant,<br><br>    v.<br><br>JANE J. YANG,<br><br>    Respondent. | H047019<br>(Santa Clara County<br>Super. Ct. No. 2012-6-FL-009184) |

This appeal arises out of the dissolution of appellant John G. Chen and respondent Jane J. Yang. In 2014, Chen moved to set aside the judgment of dissolution and marital settlement agreement. Chen appeals the trial court's denial of his motion. We affirm.

## I.    BACKGROUND

Chen and Yang married in 1985. They effected a "physical separation in 2002," but it was not until 2012 that Chen filed for divorce. He filed his first petition for dissolution of marriage in May 2012, withdrew the petition, and filed a new petition again in October 2012.

Following the separation, Yang founded a company, Culturelinks, Inc. In 2013, Yang earned a salary of approximately $692,000 from Culturelinks. Chen also worked for Culturelinks, earning roughly $2,000-3,000 per month. In May 2012, the parties executed a "quitclaim deed agreement" in which Chen disclaimed any interest in Culturelinks.

In August 2012, the parties executed a marital settlement agreement. Attorney Joseph Tse drafted the agreement. Tse also served as a mediator for Chen and Yang, who were then both unrepresented. After Chen filed for divorce in October 2012, Attorney Wendy Lun—although she was the owner of the law firm that employed Tse—agreed to represent Yang in the proceedings. Chen remained self-represented.

In December 2012, Lun drafted and the parties executed an addendum to the marital settlement agreement. This December addendum incorporated but modified the August agreement by providing that Yang would pay Chen an additional $100,000 and also purchase real property for Chen, in exchange for Chen's interest in the family residence. In the December addendum, the parties represented that they had served each other with preliminary declarations of disclosure, and that they mutually waived the requirement of final declarations of disclosure.

A year later, Lun initiated the entry of judgment as an uncontested matter, filing the parties' Appearance, Stipulations and Waivers (JCC form FL-130), a proposed judgment attaching the August 2012 agreement and December 2012 addendum, each party's Declaration Regarding Service of Preliminary Declarations of Disclosure and Income and Expense Declaration (JCC form FL-141), and their Stipulation and Waiver of Final Declaration of Disclosure (JCC form FL-144). The court entered judgment on December 2, 2013, incorporating the December 2012 agreement.

Six months later, Chen moved to set aside the stipulated judgment and final marital settlement agreement. The trial court held an evidentiary hearing on the motion over the course of three days in April, June, and July 2018.[1] At the conclusion of the

---

[1] The record does not fully explain the lapse of over four years. The trial court, however, noted Chen's earlier claim that his execution of the quitclaim was the product of duress by one of the parties' children on behalf of Yang and a related request to continue the matter so that that adult child could testify. Neither party called either of their children as witnesses.

2

hearing, the court denied the motion to set aside the judgment. A written order denying the motion was filed on April 12, 2019.

Chen timely appealed.

## II.   DISCUSSION

Chen contends the judgment should be set aside based on (1) the asserted failure to exchange preliminary declarations of disclosure as required by Family Code section 2104,[2] and (2) the impropriety of Lun's representation of Yang.[3]

### A.   *Legal Standard*

The grounds for setting aside a judgment of dissolution are set forth in section 2122. (*In re Marriage of Varner* (1997) 55 Cal.App.4th 128, 137 (*Varner*).) Of the grounds for relief enumerated in section 2122, Chen asserts the failure to comply with disclosure requirements (§ 2122, subd. (f); § 2107, subd. (d)), and mistake, "either mutual or unilateral, whether mistake of law or mistake of fact" in connection with a stipulated judgment (§ 2122, subd. (e)). The moving party bears the burden of proving entitlement to relief under section 2122. (*In re Marriage of Kieturakis* (2006) 138 Cal.App.4th 56, 88-89.) One seeking relief on grounds of mistake must establish both the existence of mistake and also that " 'the facts alleged as the grounds for relief materially affected the

---

[2] Unspecified statutory references are to the Family Code.

[3] In the trial court, Chen advanced a number of different additional grounds: (1) he did not fully understand the terms of the marital settlement agreement; (2) he is not fluent in English; (3) he was not represented by an attorney; (4) he was not advised of the terms and legal effect of the terms of the agreement; (5) he was under a great deal of pressure to sign; (6) he did not sign freely and voluntarily and with a full understanding of the terms of the agreement; (7) he did not receive a property disclosure declaration; (8) the terms of the agreement are unconscionable; and (9) Yang breached her fiduciary duties. Chen also—at the hearing on his motion years after entry of judgment—asserted grounds for relief under Code of Civil Procedure section 473, subdivision (b), but he appears to concede on appeal that any claim for relief available under this provision alone was untimely.

3

original outcome and that the moving party would materially benefit from the granting of the relief.' " (*In re Marriage of Brewer & Federici* (2001) 93 Cal.App.4th 1334, 1345 (*Brewer & Federici*).)

We may disturb a trial court's refusal to set aside a judgment and marital settlement agreement only for an abuse of discretion. (*Varner*, *supra*, 55 Cal.App.4th at p. 138; *Brewer v. Federici*, *supra*, 93 Cal.App.4th at p. 1346.) We are not authorized to substitute our "judgment of the proper decision for that of the trial judge. The trial court's exercise of discretion will not be disturbed on appeal in the absence of a clear showing of abuse, resulting in injury sufficiently grave as to amount to a manifest miscarriage of justice." (*In re Marriage of Rosevear* (1998) 65 Cal.App.4th 673, 682.)

To the extent the trial court's exercise of discretion turned on the resolution, express or implied, of disputed facts, we review the factual findings for substantial evidence. (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711.) We "presume every fact in support of the judgment the trier of fact could have reasonably deduced from the evidence. [Citation.] If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding. [Citation.] 'A reviewing court neither reweighs evidence nor reevaluates a witness's credibility.' [Citation.]" (*People v. Albillar* (2010) 51 Cal.4th 47, 60 (*Albillar*).)

**B.**     *Set Aside of Judgment*[4]

---

[4] Yang argues that the appeal should not be considered on the merits because the record is inadequate. (*Mountain Lion Coalition v. Fish & Game Com.* (1989) 214

## 1.    *Exchange of Disclosures*

In order to provide full and accurate disclosure of all assets and liabilities, each party to a dissolution proceeding must serve declarations of disclosure on the other party. (§ 2103.)  If judgment is entered when the parties have failed to comply with the disclosure requirements, "the court shall set aside the judgment." (§ 2107, subd. (d); § 2122, subd. (f).)  The trial court's determination that Chen did not meet his burden of establishing the failure to serve required disclosures is adequately supported by the record.

Although Chen testified in the trial court that he and Yang had not exchanged disclosures at all, the trial court was not obliged to credit his testimony.  The record reflects that within 60 days of Chen's filing his October 2012 dissolution petition, the parties in the marital settlement agreement stated that they had "complied with Family Code section 2104, and the preliminary declarations of disclosure [had] been completed and exchanged."  A year later, both Chen and Yang—under penalty of perjury— reaffirmed their exchange of preliminary declarations of disclosure in (1) their stipulation and waiver of final declaration of disclosure submitted with their request for entry of a stipulated judgment, and (2) their respective declarations regarding service of the preliminary declarations of disclosure on the required JCC forms FL-141.  Each party separately averred that they personally served the other on October 29, 2012, with their respective preliminary declarations of disclosure.

Cal.App.3d 1043, 1051, fn. 9; *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)  Although Yang is correct that Chen neglected to designate his motion to set aside the judgment, she herself has requested on appeal that we take judicial notice of the motion.  We grant her request for judicial notice. (Evid. Code, § 452, subd. (d).)  To the extent she alludes to unspecified other missing documents, we have on our own motion ordered the transmission of certain exhibits, which are deemed part of the record on appeal whether or not a party requests their transmission.  We accordingly address the merits of the appeal.

On appeal, Chen argues "the disclosure requirements weren't given the respect that the Legislature intended. If they were actually ever exchanged, they were exchanged after the significant agreements in the case were signed." To the extent Chen continues to dispute the fact of disclosure, he in essence invites us to reweigh the evidence and disregard the parties' sworn declarations regarding service, because Lun emailed him blank disclosure forms shortly after October 29, 2012, and Yang at the 2018 hearing did not offer into evidence her preliminary declaration of disclosure itself. Our deferential review for substantial evidence would preclude our doing so, even if it were not Chen who bore the burden of proof in the trial court. (*Albillar*, *supra*, 51 Cal.4th at p. 60.)

Alternatively, Chen contends that service of preliminary declarations of disclosure as documented was untimely because the parties effected service after executing the May 2012 quitclaim deed agreement and the August 2012 marital settlement agreement that he considers the "significant agreements" on which the judgment was based.[5] Chen, who filed the operative dissolution petition after executing the quitclaim and August 2012 settlement agreement, cites no authority for a requirement that disclosures be exchanged prior to any "significant agreements," nor could he. The statute prescribes the time for service of preliminary declarations of disclosure: "The petitioner shall serve the other party with the preliminary declaration of disclosure either concurrently with the petition for dissolution . . . or within 60 days of filing the petition. . . . The respondent shall serve the other party with the preliminary declaration of disclosure either concurrently with the response to the petition, or within 60 days of filing the response."[6] (§ 2104, subd. (f).) Moreover, the controlling agreement is the December 2012 marital settlement agreement,

---

[5] The judgment actually incorporated the December marital settlement agreement, which itself incorporated and modified the August agreement.

[6] Generally, the preliminary and final declarations of disclosure are not filed with the court. (§ 2104, subd. (b); § 2105, subd. (a); *Lappe v. Superior Court* (2014) 232 Cal.App.4th 774, 781.)

6

which the parties executed after the documented date of their exchange of preliminary declarations of disclosure. Although the parties in their December 2012 agreement incorporated the August 2012 agreement as well, in doing so they modified it and reaffirmed those terms that remained unmodified.

In light of the record, the disclosure issue does not demonstrate any abuse of discretion by the trial court.

### 2.      *Lun's Conflict of Interest*

Chen argues that the judgment should be set aside because Lun, as the titular shareholder of the same law firm that employed Tse, the parties' former mediator and scribe, was ethically prohibited from representing either party in the dissolution. We are troubled by the apparent relationship between the parties' one-time mediator and Yang's first attorney,[7] but the asserted conflict does not provide a basis to reverse the trial court's denial of Chen's request to set aside the judgment.

Generally, a party who wants to challenge the propriety of an attorney representing an adverse party must "proceed at the first reasonable opportunity by proper motion to achieve that end and . . . failing to do so, it is an abuse of the trial court's discretion to thereafter entertain favorably a request for such relief." (*White v. Superior Court* (1979) 98 Cal.App.3d 51, 56.) Chen did not cite the representation and purported conflict among the nine grounds on which he based his request for the judgment to be set aside. He did not raise the issue at all until four years later, when his attorney briefly alluded to the conflict on the final day of the hearing, without asking the court to take any particular action on this basis and without purporting to connect the conflict to any

---

[7] By the 2018 hearing on Chen's motion, Lun was no longer Yang's counsel. Yang on appeal does not dispute that Tse had at some point been the parties' mediator. Although Yang suggests that perhaps the professional connection between Tse and Lun may have been an attenuated one, the parties in their August marital settlement agreement identified Tse as "from the Law Office of Lun & Associate[s]."

7

ground for setting aside the judgment. The trial court had no obligation to consider this argument because "[n]ew issues cannot generally be raised for the first time in oral argument." (*New Plumbing Contractors, Inc. v. Nationwide Mutual Ins. Co.* (1992) 7 Cal.App.4th 1088, 1098; *In re I.C.* (2018) 4 Cal.5th 869, 888, fn. 5 [an argument not raised in a timely manner is forfeited]; *Stevenson v. Baum* (1998) 65 Cal.App.4th 159, 167, fn. 8 [theory raised for first time at oral argument is waived].)

Chen appears to contend that he should be excused from objecting to Lun's representation in the trial court because he was self-represented and had a limited command of English. This argument too is unavailing. With the exception of a two-month period in 2017, Chen was in fact represented by a series of attorneys from December 2016 through the conclusion of the 2018 hearing. Furthermore, "[self-represented] litigants are held to the same standards as attorneys." (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543; see also *Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1270 ["self-represented litigants are generally entitled to no special treatment"].) With regard to Chen's English skills, he testified that he received a graduate degree in Biomedical Sciences from the University of Iowa and a real estate broker's license in California, with all instruction in English. Chen does not explain how his purportedly limited English skills impacted his ability to understand the circumstances surrounding the marital settlement agreements or prevented him from timely objecting to Lun's representation of Yang.

Even if Chen had not forfeited any claim for Lun's disqualification, he provides no explanation for how Lun's conflict of interest in representing Yang—standing alone— would constitute a "mistake" that would support the set-aside of the dissolution judgment. In fact, Chen makes no argument at all that a mistake of law or fact informed his execution of the quitclaim, the August marital settlement agreement or the December addendum, or his stipulations and waivers in furtherance of the uncontested judgment. He only contends that Yang's attorney had a conflict and that this mandates that the

8

judgment be set aside. Chen cites no authority, however, for the proposition that an attorney's disqualifying conflict can be the basis for setting aside a judgment independently of section 2122's enumerated grounds. Because an attorney's conflict of interest is not a statutorily recognized basis for vacating a judgment, it was Chen's burden to establish that this conflict—in the specific factual context of the parties' negotiation of their agreements and election to proceed by uncontested judgment—satisfied one of the enumerated grounds in section 2122. Because he established no such nexus here, the trial court did not abuse its discretion in denying his motion.

## III. DISPOSITION

The order denying Chen's motion to set aside the judgment of dissolution is affirmed. Costs on appeal are awarded to Yang.

_____

LIE, J.

WE CONCUR:

_____

GROVER, ACTING P.J.

_____

WILSON, J.

*Chen v. Yang*
H047019